# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BIGLER JOBE STOUFFER II,** | ) |
| Petitioner, | ) ) ) |
| v. | )  No. CIV 19-013-JHP-KEW |
| **MIKE CARPENTER, Warden,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On January 18, 2019, the Court entered an Order directing Petitioner to file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 4). Petitioner submitted the amended petition on February 19, 2019 (Dkt. 7). The Court has reviewed the amended petition and finds it does not conform with the instructions set forth in the January 18, 2019, Order, which included the following:

> A § 2241 petition challenges the execution of a sentence. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). It cannot address the conditions of a prisoner's confinement. Such conditions-of-confinement allegations, however, can be presented in a civil rights complaint pursuant to 42 U.S.C. § 1983. Consequently, Petitioner's allegations regarding access to the courts, stripping his cell, grievance restrictions, law library access, and other conditions-of-confinement claims are improper in this action and may not be included in the amended petition.

(Dkt. 4 at 2).

Despite these instructions, Petitioner's amended petition raises the following claim in Ground One of the petition:

> Respondent's deliberate indifference to Petitioner's Fourteenth Amendment right to due process, before Respondent's arbitrary deprivation of

> Petitioner's legal documents on 7/16/18, has severely prejudiced Petitioner's pending pro se litigation in Canadian County, Oklahoma District Court in Case Number CJ-16-249.
>
> On 7/16/2018, Respondent arbitrarily confiscated, and continues to withhold, Petitioner's essential "access to court" legal documents without first giving Petitioner "notice," opportunity to be heard, or written reason. . . .

(Dkt. 7 at 6-7). Petitioner's claims in Grounds Two and Four of the petition also reference his alleged denial of access to the courts, *id.* at 7-8, and part of his request for relief is the restoration of his legal documents, *id.* at 8.

While Petitioner attempts to tie his access-to-the-courts claims to the administration of his death sentence, he is raising conditions-of-confinement claims. Plaintiff clearly was advised that such claims are not proper for this § 2241 habeas corpus petition, yet he failed to comply with Court's Order. Therefore, this action shall be dismissed.

> A district court's authority to *sua sponte* dismiss a case is circumscribed by Federal Rule of Civil Procedure 41(b). Rule 41(b) states, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of the court, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

*Gustafson v. Luke*, 696 F. App'x. 352, 354 (10th Cir. 2017). "[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). *See also Manygoat v. Jacobs*, 347 F. Supp. 3d 705, (D.N.M. 2018) (applying *Olsen* when habeas petitioner failed to comply with orders to re-file claims on civil rights form and

to prepay civil rights filing fee or apply for leave to proceed *in forma pauperis*).

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for Petitioner's failure to comply with an Order by the Court.

**IT IS SO ORDERED** this 18th day of April, 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma