# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BIGLER JOBE STOUFFER, II,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 19-013-JHP-KEW |
| **MIKE CARPENTER, Warden,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On April 18, 2019, the Court dismissed without prejudice Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for failure to comply with an Order by the Court (Dkt. 10). On May 8, 2019, Petitioner subsequently filed a motion to alter or amend for relief from judgment (Dkt. 20), which the Court construes as a motion pursuant to Fed. R. Civ. P. 59.

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion, however, is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised earlier. *See id.*

Petitioner's petition was dismissed for his failure to comply with the Court's Order to file an amended petition that addressed only habeas corpus issues. Despite the Court's directions and warning that failure to file a proper petition could result in dismissal of this action, Plaintiff's amended petition contained claims concerning the conditions of his confinement which were not appropriate for a habeas action (Dkt. 7).

Petitioner argues in his motion that he followed the Court's instructions "in earnest" and refocused his claims to comply with the Court's directions (Dkt. 20 at 1). He admits the amended petition "mention[s] some collateral damage to conditions issues," but asserts the claims do not diminish his "primary focus" on the allegedly "unconstitutional application of 'earned credits eligibility.'" *Id.* He contends he is not an attorney, and he lacks meaningful access to legal research. *Id.* Petitioner further argues his claims concerning access to the courts and restoration of his legal documents are not conditions-of-confinement claims, but are instead collateral references to his research documents in a state-court civil case. *Id.* at 2.

Claims concerning access to the courts and to legal documents clearly raise issues that must be presented in a civil rights complaint, as the Court previously has advised Petitioner. *See United States v. Brittain*, 41 F. App'x 246, 249 n.2 (10th Cir. 2002) (claim for denial of access to the courts should be brought as a civil rights action). Plaintiff, however, failed to comply with the Court's Order to file a proper habeas corpus petition, resulting in dismissal of this action. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (Fed. R. Civ. P. 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."). *See also Fletcher v. Raemisch*, __ F. App'x __, No. 19-1046, 2019 WL 1552556, at *1 (10th Cir. Apr. 10, 2019) (holding that dismissal of amended complaint was warranted for failure to follow rule governing pleadings); *Adams v. Wiley*, 298 F. App'x 767, 769 (10th Cir. 2008) (holding that dismissal of prisoner's habeas action for failure to prosecute and to comply with court's orders was not abuse of discretion when prisoner, despite being warned that his action would be dismissed, failed to submit proper forms as ordered by court).

"[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits." *Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) (citations and internal quotations omitted). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id*. at 1324 (internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Here, the Court finds Petitioner has failed to meet his burden for relief under Rule 59(e), thus his motion to alter or amend the judgment must be denied.

**ACCORDINGLY,** Petitioner's motion to alter or amend the judgment (Dkt. 20) is DENIED.

**IT IS SO ORDERED** this 7th day of June 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma